*705 OPINION OF THE COURT
Bernard S. Greenbaum, J.
In this commercial holdover proceeding, the petitioner landlord is seeking to evict the condominium owner/tenant from an outdoor parking space.
A bench trial was conducted before this court on January 16, 1997. Based upon the credible evidence adduced thereat, this court makes the following findings of fact and conclusions of law.
The petitioner, Patchogue Homes Corp. Condominium No. 1, is a New York condominium organized and existing pursuant to Real Property Law article 9-B. The property consists, inter alia, of two six-story apartment buildings, garages, and outdoor parking spaces in Howard Beach, New York.
The petitioner, as landlord, entered into an oral month-to-month tenancy with the respondent with respect to outdoor parking space No. 24 located in the rear of the building at 86-11 151st Avenue.
On March 21, 1996, the petitioner served a 30-day notice to terminate the month-to-month tenancy to the parking space based upon the respondent’s failure to pay the rent for the subject garage space of $23.43 per month for the period of November 1, 1995 through and including March 31, 1996 for a total rent owing of $117.15. The notice further stated that: "under the business judgment rule, the Board of Managers of Patchogue Homes Corp. Condominium #1 has elected to terminate your month to month tenancy for Parking Space #24, as more particularly described above, by virtue of the fact that you are in default in your payment of condominium common charges and other charges as well as being in default of your obligation to pay your rental arrears for Parking Space #24.”
The witness for the landlord, the Board of Managers’ treasurer, testified that, in accordance with exhibit No. 1, the condominium’s declaration, executed, filed and recorded on January 16, 1967, jurisdiction over parking privileges in the condominium rested exclusively with the Board of Managers which has the authority to "fix and assess charges for use of garage space or parking areas”. (See, condominium by-laws art IV ["Managers”], § 12 ["Powers and Duties of the Board”], subd [E].)
Respondent admitted that, at the time he purchased the condominium, he received a copy of said declaration and acquiesced to same. Such evidence constituted the petitioner’s case.
*706 Upon cross-examination of the treasurer, it was ascertained that the petitioner Board of Managers had received the petition of bankruptcy, filed by respondent, which designated it as a creditor for the monies in question. The treasurer indicated that the respondent has, in fact, been adjudicated a bankrupt. Further, the treasurer acknowledged that although the respondent had requested that the Board of Managers provide him with a statement as to the amount owing from the date of his adjudication as a bankrupt to January 1, 1997 such statement was never provided to the respondent.
Based upon such credible evidence, this court hereby dismisses the petition. Given the protection afforded to respondent by the Federal bankruptcy laws, it would be retaliatory of the Board of Managers to evict respondent from the garage space based upon his having discharged his debt thereto by exercising his legal right to declare bankruptcy. The mere fact that the respondent is a month-to-month tenant does not mandate a different result.
In addition, as to any future charges with respect to the parking space, although the respondent is clearly liable therefor, the petitioner failed to advise the respondent as to the amount of such accruing charges. A proper demand for a specific amount of due and owing charges would be required to sustain another separate proceeding.
Accordingly, this court awards judgment in favor of the respondent and dismisses the petition.